UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA P. SCOTT,

        Petitioner,

v.                                       Case No. 11-C-0710

WARDEN DEANNE SCHAUB,

        Respondent.

**SCREENING ORDER**

On July 13, 2011, Sandra P. Scott filed this petition pursuant to 28 U.S.C. § 2254, asserting that her state court conviction and sentence were imposed in violation of the Constitution. On November 21, 2008, Petitioner was convicted in Winnebago County Circuit Court of first degree reckless homicide of a two-year-old child and sentenced to 25 years imprisonment with 10 years extended supervision. She is currently incarcerated at Taycheedah Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Scott appealed her conviction on the ground that the State did not prove every fact necessary to constitute the crime, in violation of the Due Process Clause of the Fifth Amendment. On May 26, 2010, the Wisconsin Court of Appeals affirmed Scott's conviction. On July 21, 2010, the Wisconsin Supreme Court denied Scott's petition for review.

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that a federal court may issue a writ of habeas corpus if a petitioner demonstrates that she is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *George v. Smith*, 586 F.3d 479, 485 (7th Cir. 2009). Section 2554 states in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State, or
>
> (B)(i)there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A petitioner exhausts her state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Ducksworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). As outlined above, Scott has exhausted her state court remedies.

Once a state prisoner satisfies the exhaustion requirement, a federal court may grant a writ for habeas corpus challenging a state court adjudication only if the state proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented on the State court proceeding." 28 U.S.C. § 2254(d). In deciding a petitioner's federal habeas claim, factual determinations made by the state are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

An "unreasonable application" of Federal law occurs when "the state court identifies the correct governing legal rule" but "unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). *See also Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000).

Under the Due Process Clause of the Fifth Amendment to the Constitution, the State must prove every fact necessary to constitute the crime charged. *Francis v. Franklin*, 471 U.S. 1301 (1985). Due process protects the accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime[s] which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The clearly established federal law applicable to this case is set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which holds that due process requires reversal of a criminal conviction if, viewing the evidence in the light most favorable to the prosecution, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

To sustain a verdict of guilty of the charge of first degree reckless homicide, the state was required to prove beyond a reasonable doubt that Scott cause the death of the child victim by criminally reckless conduct under circumstances that displayed an utter disregard for human life.

3

Under Wisconsin law, criminally reckless conduct requires both the creation of objectively unreasonable and substantial risk of death or great bodily harm and a subjective awareness of that risk. In her petition, Scott asserts there was insufficient evidence to prove she had subjective awareness that punching the child victim in the stomach would ultimately lead to death or that her actions were in utter disregard for human life. In particular, Scott asserts that she was not subjectively aware her punches would cause injury and that when Scott realized the victim was in need of medical attention, she drove the victim to the hospital. The Wisconsin State Court of Appeals, whose decision affirming Scott's conviction is attached to her petition, considered this claim and concluded that the evidence was sufficient to support findings of criminal recklessness and utter disregard for life: "Not only did Scott deliver two forceful blows with her fist but she did so to a small and vulnerable child. Not only did Scott ignore obvious signs of the child's distress but did so in a manner to conceal and excuse those signs."

This is a reasonable application of *Jackson* and the Due Process Clause of the Fifth Amendment. As the Wisconsin Court of Appeals notes: "The use of a closed fist and the force with which the blows had to be delivered to cause the massive laceration permit an inference of subjective awareness that the punches could cause great bodily injury. . . . Scott's observation of the child's distress was sufficient to permit a conclusion that she was subjectively aware that the failure to get the child help in the period immediately following the punches created a risk of great bodily injury or death." Therefore, Scott's petition for habeas corpus asserting violation of the Due Process Clause of the Fifth Amendment will be denied.

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a

4

"substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In my opinion, and for the reasons set forth in this decision denying Scott's habeas corpus petition, Scott's claim does not warrant a certificate of appealability. Scott has not made a "substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Scott a certificate of appealability. Scott retains the right to seek a certificate of appealability from the court of appeals.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated this   10th   day of August, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge